CHOP v ZIELINSKI

Docket No. 213607. Submitted September 13, 2000, at Detroit. Decided
     February 16, 2001, at 9:15 A.M.

     Donna R. Chop brought an action in the Genesee Circuit Court
     against Gary M. Zielinski and the Supersine Company, seeking
     noneconomic damages for injuries sustained in an automobile acci-
     dent. The court, Judith A. Fullerton, J., granted summary disposi-
     tion in favor of the defendants, finding that the plaintiff was pre-
     cluded from seeking noneconomic damages pursuant to MCL
     500.3135(2)(c); MSA 24.13135(2)(c), because the vehicle that the
     plaintiff was driving was uninsured. The plaintiff appealed, alleging
     that she was not an "owner" of the vehicle under MCL
     500.3101(2)(g)(i); MSA 24.13101(2)(g)(i), because she was not oper-
     ating her own vehicle at the time of the accident because the vehi-
     cle she was driving was registered to her ex-husband and she had
     merely borrowed it.

     The Court of Appeals held:

     The court properly found that under the facts of this case the
     plaintiff was precluded from recovering noneconomic damages.
     The plaintiff regularly used the vehicle for more than thirty days
     before the accident occurred, kept the vehicle parked at her resi-
     dence, and drove the vehicle to and from work on a daily basis and
     for personal errands. The plaintiff's use was possessory use that
     comports with the concepts of ownership. The plaintiff exercised
     ownership rights over the vehicle and was an "owner" under the
     no-fault act. Subsection 3135(2)(c) is constitutional.

     Affirmed.

1. INSURANCE — NO-FAULT — UNINSURED MOTORISTS — CONSTITUTIONAL LAW.

     Subsection 3135(2)(c) of the no-fault act provides that damages shall
     not be assessed in favor of a party who was operating the party's
     own vehicle at the time the injury occurred where the vehicle did
     not have in effect the security required by the act; the subsection is
     constitutional and reasonably related to the legislative purpose of
     the act (MCL 500.3135[2][c]; MSA 24.13135[2][c]).

2. INSURANCE — NO-FAULT — WORDS AND PHRASES — OWNERS — HAVING USE
     OF VEHICLE.

     The no-fault act defines an "owner" of a vehicle as a person renting a
     motor vehicle or having the use thereof, under a lease or other-

wise, for a period that is greater than thirty days; the phrase "having the use" means using the vehicle in ways that comport with concepts of ownership; the fact that a person does not have legal title to a vehicle is not dispositive of whether the person may be considered an "owner" of the vehicle; there may be multiple owners of a vehicle for purposes of the no-fault act; ownership follows from proprietary or possessory usage, as opposed to merely incidental usage under the direction or with the permission of another (MCL 500.3101[2][g][i]; MSA 24.13101[2][g][i]).

*Beltz & Associates* (by *Charles D. Riley*), for the plaintiff.

*Law Office of Thomas A. Connolly, P.C.* (by *Thomas A. Connolly*), for the defendants.

Amicus Curiae:

*Garan, Lucow, Miller & Seward, P.C.* (by *Beth A. Andrews, James L. Borin,* and *Rosalind H. Rochkind*), for Allstate Insurance Company.

Before: COLLINS, P.J., and JANSEN and ZAHRA, JJ.

ZAHRA, J. Plaintiff appeals as of right from an order granting summary disposition in favor of defendants. We affirm.

Plaintiff injured her wrist in an automobile accident. The car that she was driving was registered to her ex-husband and there is no dispute that, at the time of the accident, the car was uninsured. Plaintiff filed suit, alleging negligence. Defendants moved for summary disposition on the basis that plaintiff, as an uninsured motorist, was precluded from seeking noneconomic damages pursuant to MCL 500.3135(2)(c); MSA 24.13135(2)(c) of Michigan's no-fault act. The trial court agreed and granted defendants' motion.

We review a trial court's decision on a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Likewise, statutory interpretation is a question of law that we review de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998). In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in a light most favorable to the nonmoving party to decide whether a genuine issue of material fact exists. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999); *Rollert v Dep't of Civil Service*, 228 Mich App 534, 536; 579 NW2d 118 (1998). All reasonable inferences are resolved in the nonmoving party's favor. *Hampton v Waste Management of Michigan, Inc*, 236 Mich App 598, 602; 601 NW2d 172 (1999).

MCL 500.3135(2)(c); MSA 24.13135(2)(c) provides: "Damages shall not be assessed in favor of a party who was operating his or her own vehicle at the time the injury occurred and did not have in effect for that motor vehicle the security required by section 3101 at the time the injury occurred." Pursuant to MCL 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i), an "owner" of a vehicle is defined, in part, as "[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days." Plaintiff argues that she cannot be said to have been operating *her own* vehicle at the time of the accident because her ex-husband was the title owner of the car that she had merely borrowed.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If the plain and ordinary meaning of a statute is clear, judicial construction is neither necessary nor permitted. *Cherry Growers, Inc v Agricultural Marketing & Bargaining Bd*, 240 Mich App 153, 166; 610 NW2d 613 (2000). We may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). When reasonable minds may differ with regard to the meaning of a statute, the courts must look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

In *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999), this Court construed subsection 3101(2)(g)(i), holding that the phrase "having the use" means "using the vehicle in ways that comport with concepts of ownership." The Court observed that the subsection's references to renting and leasing implies that "ownership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Ardt, supra* at 691 (emphasis in original).

Here, it is undisputed that plaintiff's ex-husband was the title owner of the car plaintiff was driving when the accident occurred. However, there is also no dispute that plaintiff regularly used the car from at least the time of her divorce in late April 1997 to mid-

September 1997 when the accident occurred.[1] The fact that plaintiff was not awarded legal title of the car pursuant to the divorce judgment is not dispositive of whether she may be considered an "owner" under the no-fault act.[2] There may be multiple owners of a vehicle for purposes of the no-fault act. *Id.* at 691-692.

Plaintiff testified during her deposition that she kept the car parked at her apartment complex, which was a residence she kept separate from her ex-husband, drove the car to and from work on a daily basis, and used the car for other personal errands. Plaintiff's use of the car in such a manner was possessory use that comports with the concepts of ownership. *Id.* at 690-691. There is no indication that plaintiff used the car under the specific direction of her ex-husband or with her ex-husband's permission. Indeed, plaintiff's own testimony regarding her regular use of the car reveals that she exercised ownership rights over the vehicle. Plaintiff's claim that she merely borrowed the car is not compelling in light of her testimony that she believed she was awarded the

---

[1] According to plaintiff's deposition testimony, she used the car exclusively during that period except during July 1997, when her ex-husband took the car to be repaired. It was also suggested during plaintiff's deposition that her ex-husband used the car for one additional week sometime after the divorce. Regardless, plaintiff clearly stated that her ex-husband did not use the car from the time it was repaired in July 1997 to the time of the accident in mid-September 1997.

[2] We note that plaintiff testified during her deposition that the divorce judgment entered in April 1997 required her ex-husband to transfer the title of the car at issue to her. However, a review of the divorce judgment reveals that plaintiff and her ex-husband were awarded "the automobile now in his or her name and possession." Given that the car at issue was only in plaintiff's ex-husband's name at the time of divorce, by all indications, he remained titleholder of the car and was not required to transfer title to plaintiff.

car pursuant to the divorce judgment. Given plaintiff's deposition testimony, there is no issue of fact regarding whether plaintiff had possessory use of the car for more than thirty days before the date of the accident. Thus, she was an "owner" of the car under the no-fault act.

We reject plaintiff's argument that she cannot be an "owner" under subsection 3101(2)(g)(i) because that subsection applies only in the context of lease agreements, rental agreements, or similar transactions. A plain reading of the statutory definition of the term "owner" indicates that anyone having use of a vehicle pursuant to a lease *or otherwise* for a period that is greater than thirty days is considered an owner of the vehicle. MCL 500.3101(2)(g)(i); MSA 24.13101(2)(g)(i). The phrase "or otherwise" plainly indicates that the Legislature intended this subsection to apply in situations other than those involving leases or rentals. See *Ardt, supra* (considering whether the plaintiff's son was an "owner" pursuant to subsection 3101(2)(g)(i) under circumstances not involving a lease, rental, or similar agreement). Construing subsection 3101(2)(g)(i) to apply in situations not involving lease and rental agreements comports with the legislative purpose of the no-fault laws "to correct the injustice of allowing drivers who do not contribute to the no-fault system to recover damages from persons that do contribute to the system, and to provide an incentive for uninsured motorists to comply with the requirement that they maintain no-fault automobile insurance." *Stevenson v Reese,* 239 Mich App 513, 519; 609 NW2d 195 (2000). By providing that a person who has use of a vehicle for more than thirty days is said to own the vehicle for purposes of the no-fault act, the

Legislature has required that "users of motor vehicles maintain appropriate insurance for themselves as indicated by their actual patterns of usage . . . ." *Ardt, supra* at 690.

Plaintiff next argues that MCL 500.3135(2)(c); MSA 24.13135(2)(c) is unconstitutional. We disagree. The constitutionality of a statute is a question of law that is reviewed de novo on appeal. *Stevenson, supra* at 516.

In *Stevenson*, this Court examined the constitutionality of subsection 3135(2)(c). With respect to equal protection, the *Stevenson* Court determined that the no-fault act is socioeconomic legislation subject to a rational basis test. *Stevenson, supra* at 517. The Court held that "the state government has a legitimate interest in maintaining a fair, affordable system of automobile insurance and the preclusion of uninsured motorists' recovery of noneconomic damages is rationally related to that legitimate governmental objective." *Id.* at 520. The *Stevenson* Court, *id.*, also held that subsection 3135(2)(c) does not violate due process, stating "[subsection 3135(2)(c)] is reasonably related to the legislative objectives of promoting fairness within the no-fault insurance system, reducing or restraining insurance premiums, and providing an incentive to comply with the insurance requirement of the no-fault act."

Plaintiff claims that she was innocently uninsured given that her ex-husband told her the car at issue was, in fact, insured. Plaintiff reads a scienter requirement into subsection 3135(2)(c). We refuse to read such a requirement into the statute where it is not within the manifest intent of the Legislature as gathered from the act itself. *In re S R*, 229 Mich App 310,

314; 581 NW2d 291 (1998); *In re Schnell, supra* at 310. Furthermore, plaintiff had the car in her sole possession for such an extended period that she reasonably should have been aware of its uninsured status. Subsection 3135(2)(c) is constitutional, *Stevenson, supra,* and plaintiff's suit was properly dismissed on the basis that she is precluded recovery of noneconomic damages as an uninsured motorist.

Affirmed.