# STATE OF MICHIGAN

# COURT OF APPEALS

TAMIKA HARRELL,

　　　　　Plaintiff-Appellee,

v

TITAN INDEMNITY COMPANY,

　　　　　Defendant-Appellant.

UNPUBLISHED
January 20, 2015

No. 318744
Wayne Circuit Court
LC No. 12-003939-NF

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

This case involves an action for personal injury protection benefits under Michigan's no-fault automobile insurance act, MCL 500.3101 *et seq*. Defendant, Titan Indemnity Company (Titan), appeals as of right the trial court's order in favor of plaintiff, Tamika Harrell, following a bench trial. We affirm.

## I. FACTS

On June 17, 2011, Harrell was rear-ended while driving an uninsured vehicle titled in the name of her husband, Arville Livingston. The accident injured Harrell's neck and back. Harrell has never held a Michigan driver's license and had received several tickets for driving the vehicle during the preceding 2 1/2 years. Harrell filed an action for first-party personal injury and protection benefits under the No-Fault Act. Because neither Harrell nor Livingston had insurance, the Michigan Assigned Claims facility assigned Harrell's claim to Titan. Titan denied Harrell's request for benefits on the basis that she was an uninsured owner of the vehicle.

Harrell filed her complaint on March 21, 2012, alleging that Titan improperly determined that she did not own the vehicle. At her deposition, Harrell testified that she only "periodically" used the vehicle and had to obtain Livingston's permission before doing so. On February 26, 2013, Titan moved for summary disposition under MCR 2.116(C)(8) and (10), asserting that Harrell owned the vehicle as a person who had the use of it for more than 30 days under MCL 500.3101(2)(h)(*i*). The trial court denied the motion, concluding that a question of fact existed regarding whether Harrell owned the vehicle.

At trial, Harrell testified that Livingston selected and bought the vehicle, and she only drove the vehicle periodically. Livingston estimated that Harrell drove the vehicle more than once a week. Harrell testified that Livingston kept the only set of keys and she was not able to

-1-

take the vehicle without permission. Harrell testified that Livingston would occasionally deny her permission to drive and that sometimes Livingston "was firm . . . because [of] my license situation." Livingston testified that under some circumstances, he would not let Harrell take the vehicle. Harrell testified that Livingston would not give her permission to take the vehicle to certain locations, and that she sometimes lied to him about where she intended to take it so that he would not withhold permission.

The trial court found that Harrell's use of the vehicle was "sporadic and intermittent" and subject to Livingston's permission and restrictions. The trial court also found that Livingston would occasionally deny Harrell permission to use the vehicle. Accordingly, the trial court concluded that Harrell was not an owner under MCL 500.3101(2)(h)(*i*). It entered an order of dismissal in Harrell's favor that incorporated an arbitration award.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). When a party moves for summary disposition under MCR 2.116(C)(8) and (10), and the trial court considered documents outside the pleadings to decide the motion, we review its decision under MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994).

This Court reviews for clear error the trial court's findings of fact following a bench trial and reviews de novo its conclusions of law. *Chelsea Investment Group, LLC, v City of Chelsea*, 288 Mich App 239, 250-251; 792 NW2d 781 (2010). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *Id*. at 251.

## III. OWNER UNDER MCL 500.3101(2)(h)(*i*)

First, Titan contends that the trial court erred when it denied its motion for summary disposition under MCR 2.116(C)(10) because Harrell was an uninsured owner of a motor vehicle at the time that she was in the accident. We disagree.

An uninsured owner of a motor vehicle involved in an accident may be denied personal injury protection benefits under the No-Fault Act. MCL 500.3113(b). An owner includes "[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days." MCL 500.3101(2)(h)(*i*). The phrase "having the use" of a motor vehicle means "using the vehicle in ways that comport with concepts of ownership." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999). See *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 532-533; 676 NW2d 616 (2004).

A person is not an owner if the person periodically borrows a vehicle and permission to do so is not continuous for 30 days. *Detroit Med Ctr v Titan Ins Co*, 284 Mich App 490, 492-493; 775 NW2d 151 (2009). In *Detroit Med Ctr*, the plaintiff had a "significant relationship" with the vehicle's owner and "permission to use the vehicle was apparently never denied." *Id*. at 493. However, the plaintiff had to ask permission to use the vehicle and did not have access to an independent set of keys. *Id*. at 492. This Court concluded that the trial court properly denied summary disposition and determined that the plaintiff was not an owner of the vehicle. *Id*. at 494.

This case is similar to *Detroit Med Ctr*. In this case, Harrell's use of the vehicle did not comport with concepts of ownership. Harrell testified that Livingston purchased the vehicle, titled the vehicle, and kept the vehicle's only set of keys on his person. She testified that Livingston periodically lent her the vehicle, but would occasionally deny her permission to use the vehicle. Livingston testified that he lent Harrell the vehicle at least once a week, but that he would not let her borrow it under certain circumstances.

We conclude that under these facts, reasonable minds could differ regarding whether Harrell used the vehicle in ways that comported with concepts of ownership. Accordingly, the trial court properly denied Titan's motion for summary disposition.

Second, Titan contends that the trial court's factual findings regarding Harrell's use of the vehicle were clearly erroneous. We disagree.

Harrell testified that Livingston regularly gave Harrell permission to use his vehicle, but she did not have unrestricted access to it. Harrell testified that there were times that Livingston firmly denied her requests to use the vehicle, and Livingston testified that he sometimes did not allow Harrell to use the vehicle. That Harrell sometimes successfully convinced Livingston to allow her to drive the vehicle after he initially denied her permission does not change that Harrell still had to ask for, and receive, Livingston's permission before taking it. Regarding Titan's assertion that Harrell and Livingston's testimony about Harrell's use of the vehicle was "self-serving," the trial court is in the best position to judge credibility, not this Court. See MCR 2.613(C); *Chelsea Investment Group*, 288 Mich App at 251. The trial court found their testimony credible, and it supports the trial court's finding that Harrell did not have permission to continuously use the vehicle for 30 days.

We are not definitely and firmly convinced that the trial court made a mistake when it found that Harrell periodically used the vehicle with Livingston's permission and that she would have to convince Livingston to allow her to drive the vehicle. Harrell's use of the vehicle did not comport with concepts of ownership. We conclude that the trial court's findings in support of its conclusion that Harrell was not an owner under MCL 500.3101(2)(h)(*i*) were not clearly erroneous.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell