*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HARRIS CHEEMA and OVERLAND
TRANSPORTATION, LLC,

Plaintiffs-Appellants,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

Defendants-Appellees,

and

GOLDEN INSURANCE AGENCY, LLC, and SAM
SAEIDI,

Defendants.

UNPUBLISHED
June 2, 2022

No. 355910
Wayne Circuit Court
LC Nos. 18-014071-NF;
19-003321-NF

Before: JANSEN, P.J., and CAMERON and RICK, JJ.

CAMERON, J. *(concurring in part, dissenting in part).*

I agree with the majority that a material question of fact exists as to whether Progressive Marathon Insurance Company was entitled to rescind the insurance policy and that the common-law doctrine of election of remedies does not bar Progressive from asserting rescission. However, I respectfully disagree with the majority's conclusion that there was a material question of fact as to whether Harris Cheema was a constructive owner of the Odyssey.

Under MCL 500.3101(3)(l)(*i*), a constructive owner is any "person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days." This Court has previously determined that "having the use" of a motor vehicle "means using the vehicle in ways that comport with concepts of ownership." *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999). The *Ardt* Court noted that "ownership follows from

-1-

proprietary or possessory usage, as opposed to merely incidental usage under the direction or with the permission of another." *Id*. at 691 (emphasis omitted).

Some factors to consider when determining whether an individual's use of a vehicle is sufficient to establish constructive ownership of that vehicle include: (1) whether the purported owner's use of the vehicle was regular or periodic, *id*.; (2) whether use of the vehicle was exclusive or shared, *Kessel v Rahn*, 244 Mich App 353, 357-358; 624 NW2d 220 (2001); (3) whether the purported owner required permission to use the vehicle, *Detroit Med Ctr v Titan Ins Co*, 284 Mich App 490, 491-492; 775 NW2d 151 (2009); (4) whether the purported owner performed maintenance on the vehicle and paid to fuel the vehicle, *id*. at 492; *Kessel*, 244 Mich App at 357-358; (5) where the vehicle was regularly parked, *Chop v Zielinski*, 244 Mich App 677, 681; 624 NW2d 539 (2001); and (6) whether the purported owner thought that it had a legal right to the vehicle, *id*. at 681-682.

In this case, Cheema established Overland in 2017, and Overland's address was the same address as Cheema's address. Cheema was the sole owner of the company, and he alone controlled the company's operations. The Odyssey was garaged at Cheema's residence, and Cheema possessed the only keys to the vehicle. Cheema testified that he controlled who drove the vehicle and that he and his brother maintained it.[1] Although Cheema initially denied that he used the Odyssey for anything other than business, he later admitted that he "[m]ostly" used it for business and acknowledged that he would "sometimes . . . drive the vehicle [to] do errands and stuff." Tellingly, at the time of the accident, Cheema was in the process of completing a personal errand. Although Cheema sometimes transported patients, he testified that he was not paid per hour like his other employees. Rather, Cheema paid himself a salary of $4,000 per month. Based on this undisputed evidence, which establishes that Cheema exercised unfettered access and control over the Odyssey, I would conclude that Cheema was a constructive owner of the Odyssey.

/s/ Thomas C. Cameron

---

[1] Cheema agreed that Overland reimbursed his brother if he paid for maintenance fees out of pocket.