*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAMMED ABDULLA,

        Plaintiff-Appellee,

and

PRECISE MRI OF MICHIGAN, LLC,

        Intervening Plaintiff-Appellee,

v

PROGRESSIVE SOUTHEASTERN INSURANCE
COMPANY, GREAT AMERICAN INSURANCE
COMPANY, and MICHIGAN ASSIGNED
CLAIMS PLAN,

        Defendants,

and

AUTO CLUB GROUP INSURANCE COMPANY,

        Defendant-Appellant,

and

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

        Defendant-Appellee.

FOR PUBLICATION
July 25, 2024
9:05 a.m.

No. 364797; 364866
Wayne Circuit Court
LC No. 21-006382-NF

Before: JANSEN, P.J., and REDFORD and D. H. SAWYER*, JJ.

D. H. SAWYER, J.

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

-1-

In this consolidated first-party no-fault insurance dispute, we granted defendant, Auto Club Group Insurance Company ("Auto Club"), leave to appeal two orders.[1] First, in Docket No. 364866, Auto Club appeals the trial court's order denying its motion for summary disposition. The insurer sought summary disposition on the ground that plaintiff, Mohammed Abdulla ("Abdulla"), was barred from collecting personal protection insurance ("PIP") benefits from any of the defendant insurers by operation of MCL 500.3113(b) because Abdulla failed to maintain no-fault coverage on the semi-tractor he was driving at the time of the accident. The trial court denied the motion for summary disposition, finding both that Abdulla had maintained proper security on the tractor, and that Auto Club had top priority to pay PIP benefits among the defendant insurers. Second, in Docket No. 364866, Auto Club challenges the trial court's order granting partial summary disposition in Abdulla's favor concerning Auto Club's liability for "penalty interest and fees" for any overdue PIP claims for which the insurer is ultimately found liable. We affirm in part, reverse in part, and remand.

## I. BACKGROUND

Abdulla sustained personal injuries in a December 2020 motor vehicle accident in Missouri, while driving a commercial tractor-trailer. The tractor was registered in Michigan, and titled to nonparty Tornado Trucking, LLC ("Tornado Trucking"), a closely-held limited-liability company owned solely by Abdulla. The trailer was titled to nonparty Land Trucking, LLC ("Land Trucking"). At the time of the accident, Abdulla was hauling cargo for Land Trucking, under the terms of a long-haul "Independent Contractor Lease Agreement." The lease agreement identified Tornado Trucking as the "contractor," and Land Trucking as the "carrier."

Tornado Trucking held a Michigan "bobtail" insurance policy[2] covering the tractor with defendant, Great American Insurance Company ("Great American"). Great American's policy identifies Tornado Trucking as the named insured, and the tractor as a covered vehicle. This policy provides nontrucking liability and physical damage coverage. The policy also had a Michigan PIP endorsement, which excluded coverage for PIP benefits when the bodily injury arose "out of the ownership, operation, maintenance, or use of a covered auto while being used in the business of any lessee or while being used to transport cargo of any type."

At the time of the accident, Land Trucking had an insurance policy with defendant, Progressive Southeastern Insurance Company ("Progressive"), providing liability and uninsured and underinsured motorist coverage to their company-owned motor vehicles and trailers. The

---

[1] *Abdulla v Progressive Southeastern Ins Co*, unpublished order of the Court of Appeals, entered July 5, 2023 (Docket Nos. 364797 and 364866).

[2] "[I]n trucking parlance," the term "bobtail" generally denotes "the operation of a tractor without an attached trailer," and "for insurance purposes, it typically means coverage only when the tractor is being used without a trailer or with an empty trailer, and is not being operated in the business of an authorized carrier." *Hunt v Drielick*, 496 Mich 366, 373; 852 NW2d 562 (2014) (quotation marks, brackets, ellipsis, and citation omitted); see also *Integral Ins Co v Maersk Container Serv Co, Inc*, 206 Mich App 325, 331; 520 NW2d 656 (1994).

Progressive policy did not list the tractor involved in the accident as a covered vehicle, and did not include PIP coverage.

Also at the time of the accident, Abdulla resided with his parents in Lincoln Park, Michigan. Auto Club provided Abdulla's father with a no-fault insurance policy at the time of the accident, which included PIP coverage. The policy did not list Abdulla as a named insured, nor did it list the tractor as a covered vehicle.

Abdulla sued Progressive, Auto Club, and Great American[3] alleging one of these insurers was first in priority to provide PIP benefits under the no-fault act. Abdulla further alleged the insurers refused to pay PIP benefits, which were overdue, entitling Abdulla to recover penalty interest and attorney fees, in addition to the PIP benefits.

Auto Club moved for summary disposition under MCR 2.116(C)(10), arguing because Abdulla owned the tractor, which was uninsured at the time of the accident, Abdulla was precluded from receiving PIP benefits under MCL 500.3113(b) from any insurer. Specifically, Auto Club argued that: (1) at the time of the accident, Abdulla qualified as an "owner" of the tractor, as defined under MCL 500.3101(3)(l), because it was undisputed that he had "the use of" the tractor "for a period . . . greater than 30 days" before the accident; (2) accordingly, under MCL 500.3101(1), Abdulla had been statutorily obliged to maintain PIP coverage on the tractor; (3) he had failed to do so, given that the Progressive policy did not provide no-fault coverage and that the Great American bobtail policy did not provide any coverage when, as here, the tractor was being used to haul freight; and (4) consequently, as a matter of law, Abdulla was not entitled to PIP benefits from any insurer under MCL 500.3113(b).

Abdulla responded: (1) in concert with the out-of-state coverage for the trailer provided under the Progressive policy, the Great American bobtail policy, which covered the tractor, had provided all required no-fault coverage for purposes of MCL 500.3101(1); (2) in any event, given that the tractor had been under lease to Land Trucking at the time of the accident under a "long-haul" lease agreement, and that neither he nor Tornado Trucking owned the trailer involved in the subject accident, there was—at minimum—a genuine issue of material fact whether Abdulla qualified as an "owner" or "registrant" of either the tractor or trailer, such that MCL 500.3113(b) would apply to him; and (3) under a "resident relative" theory, because he residing with his father at the time of the accident, and his father held a no-fault policy with Auto Club, the trial court should hold that Auto Club had top priority to pay the no-fault benefits in this case.

The trial court denied Auto Club's motion, succinctly stating: "Pursuant to MCL 500.3101 and MCL 500.3113(b) as the Plaintiff did maintain proper security on the tractor and therefore isn't excluded from PIP coverage; and pursuant to MCL 500.3114(4), ACIA is the highest in priority to pay benefits."

A week later, the trial court granted Abdulla's motion for partial summary disposition, stating: "At this point, any unpaid personal protection insurance benefits which were supported by

---

[3] The trial court granted summary disposition in favor of Great American and dismissed the insurer from the suit.

-3-

reasonable proof and denied are overdue and Plaintiff is entitled to mandatory penalty interest and attorney fees for any claims in which Defendant is liable."

## II. STANDARDS OF REVIEW

Appellate courts review summary disposition rulings de novo. *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). Likewise, a trial court's construction and application of a statutory provision is reviewed de novo. *Lockport Twp v City of Three Rivers*, 319 Mich App 516, 520; 902 NW2d 430 (2017). A request for attorney fees under MCL 500.3148(1) presents a mixed question of law and fact. *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008). The findings of fact underlying an award of attorney fees are reviewed for clear error, while underlying questions of law are reviewed de novo. *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012).

## III. PIP BENEFITS

Auto Club argues that the trial court committed error warranting reversal when it held that Auto Club owes coverage to the son of its insurer, and resultant interest and attorney fees, even though Abdulla did not maintain full and proper security on the tractor he was driving at the time of the accident as required by § 3101 of the no-fault act, MCL 500.3101. We disagree. The trial court correctly determined that Abdulla's suit was not barred by MCL 500.3113(b). It also correctly found Auto Club to be the higher- or first-priority insurer. Consequently, we do not find that the trial court erred when it denied Auto Club's motion for summary disposition.

The no-fault act requires an "owner or registrant of a motor vehicle to be registered in this state . . . [to] maintain security for payment of benefits under personal protection insurance, property protection insurance as required under this chapter, and residual liability insurance." MCL 500.3101(1). "The requirements for a motor vehicle liability policy may be fulfilled by the policies of 1 or more insurance carriers which policies together meet such requirements." MCL 257.520(j). The consequences for failing to obtain insurance as required by MCL 500.3101(1) are detailed in MCL 500.3113 as follows:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> * * *
>
> (*b*) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by . . . [MCL 500.]3101 was not in effect.

MCL 500.3101(3) defines the terms "owner" and "registrant" as follows:

> (*l*) "Owner" means any of the following:
>
> (*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

-4-

* * *

      (*iii*) A person that holds the legal title to a motor vehicle or motorcycle, other than a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is greater than 30 days.

* * *

      (*n*) "Registrant" does not include a person engaged in the business of leasing motor vehicles or motorcycles that is the lessor of a motor vehicle or motorcycle under a lease that provides for the use of the motor vehicle or motorcycle by the lessee for a period that is longer than 30 days.

There is no dispute that Land Trucking is the owner of the trailer. There is also no dispute that Tornado Trucking, and not Abdulla, holds legal title to the tractor. Its name, not Abdulla's, appears on the tractor's Michigan Motor Vehicle Registration. Tornado Trucking stored the trailer at a truck stop between long-haul jobs. At the time of the accident, the tractor was being used exclusively to haul loads for Land Trucking. There is no evidence that the tractor was being used for any purpose other than in furtherance of the business of Tornado Trucking. Importantly, Tornado Trucking is a limited-liability company and, thus, a separate legal entity distinct from Abdulla, which possesses "all powers necessary or convenient to effect any purpose for which the company is formed." MCL 450.4210. Although Abdulla is the sole member of Tornado Trucking, "a member has no interest in specific limited liability company property." MCL 450.4504(1), (2). Abdulla is merely an agent of Tornado Trucking. MCL 450.4406. There is no evidence that Abdulla used the tractor in a propriety or possessory manner. Rather, his use of the tractor was incidental to the business of Tornado Trucking and the long-haul trucking companies served by Tornado Trucking. Under these circumstances, the record lacks sufficient indicia of Abdulla's ownership of the tractor to find that Abdulla was either an owner or the registrant of the tractor for purposes of MCL 500.3101(3) and MCL 500.3113(*b*). *Ardt v Titan Ins Co*, 233 Mich App 685, 690-691; 593 NW2d 215 (1999). Moreover, the record contains no grounds to pierce the corporate veil of the limited-liability company and declare Abdulla the owner of the tractor for these statutory purposes. *Florence Cement Co v Vettraino*, 292 Mich App 461, 468-469; 807 NW2d 917 (2011). The trial court correctly denied summary disposition to Auto Club under MCR 2.116(C)(10).

The trial court also correctly determined priority among the insurers. Under MCL 500.3101(1) and MCL 500.3114(1), an individual injured as a result of a motor vehicle accident must seek benefits from his own insurer unless one of the exceptions enumerated in MCL 500.3114(2), (3), or (5) applies. *Farmers Ins Exch v Farm Bureau Gen Ins Co of Mich*, 272 Mich App 106, 111; 724 NW2d 485 (2006). None of these exceptions apply on the facts of this case. Consequently, the general rules apply, and Abdulla must look to the policy of a relative domiciled in the same household, MCL 500.3114(1), which, in this case, is the policy of insurance issued by Auto Club to Abdulla's father, with whom Abdulla is domiciled.

## IV. ATTORNEY FEES AND PENALTY INTERESTS

The trial court correctly found Auto Club responsible for penalty interest on any PIP claims for which it was liable. As stated in MCL 500.3142(2), PIP benefits are overdue if not paid within 30 days after an insurer "receives reasonable proof of the fact and of the amount of loss sustained." Overdue claims accrue penalty interest at a statutorily declared rate. MCL 500.3142(4). Abdulla presented unrebutted proof that Auto Club failed to pay his claims for PIP benefits within 30 days of the receipt of reasonable proofs. There being no genuine issue of material fact regarding whether, under MCL 500.3242(2) that Abdulla's PIP benefits were overdue, the trial court correctly granted partial summary disposition under MCR 2.116(C)(10).

The trial court erred, however, when it granted summary disposition on the issue of attorney fees.

MCL 500.3148(1) provides, in pertinent part:

[A]n attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. . . . .

As observed by our Supreme Court in *Miller v Secura Ins*, 482 Mich 507, 519; 759 NW2d 833 (2008),

> MCL 500.3148(1) . . . provides that an attorney may only receive fees for representing a claimant in an action for "benefits which are overdue." In MCL 500.3142(2), the Legislature explains that overdue benefits are those benefits "not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." Neither MCL 500.3142(2) nor MCL 500.3148(1) permits the recovery of attorney fees for actions in which a court awarded plaintiff benefits that were reasonably in dispute, or, stated slightly differently, benefits not yet overdue.

Benefits will not be considered overdue under MCL 500.31482(2), and attorney fee will not be awarded under MCL 500.3148(1), as a matter of law, "[i]f the insurer's refusal or delay in payment is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty[.]" *Beach v State Farm Mut Auto Ins Co*, 216 Mich App 612, 629; 550 NW2d 580 (1996); see also *Detroit Med Ctr v Titan Ins Co*, 284 Mich App 490, 495; 775 NW2d 151 (2009) (Trial court did not err in finding that the initial denial of benefits was "not unreasonable given some indicia of ownership, and that the question of statutory construction was legitimate.").

In the present case, Auto Club denied Abdulla payment of benefits on the basis of legitimate questions of statutory construction and application concerning MCL 500.3101(3) and MCL 500.3113(b). A resolution of these questions goes to the heart of whether Abdulla is to receive PIP benefits. Auto Club's denial of benefits was not "unreasonable" under MCL 500.3148(1) and the circumstances presented. The trial court erred in awarding Abdulla attorney fees under MCL 500.3148(1).

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ James Robert Redford