## COOPER v JENKINS

Docket No. 283506. Submitted February 10, 2009, at Lansing. Decided February 24, 2009, at 9:00 a.m.

Phillip D. Cooper brought an action in the Wayne Circuit Court against Ravis Jenkins, Mary L. Woodson, and Farm Bureau Insurance Company after he was injured when an uninsured vehicle owned by Woodson and driven by Jenkins struck an uninsured vehicle owned by Dalana Norman that Cooper was driving. Farm Bureau, which had been assigned to Cooper's claim for no-fault personal protection insurance benefits, agreed to an award of damages for attendant care provided to Cooper by Norman, his girlfriend, if Farm Bureau's liability for such attendant care benefits can be established. Farm Bureau thereafter moved to strike the award of those damages, and the court, Robert L. Ziolkowski, J., denied the motion. Farm Bureau appealed.

The Court of Appeals *held*:

Norman's unlawful act of owning and permitting the operation of an uninsured motor vehicle, MCL 500.3102(2), does not absolve Farm Bureau of its obligation under the no-fault act to pay no-fault personal protection insurance benefits to Cooper for the attendant care services provided by Norman to Cooper following Cooper's injury in the automobile accident. The no-fault act uses mandatory language when describing an insurer's duty to pay benefits, but uses permissive language in describing an insurer's ability to seek reimbursement from an owner or registrant of an uninsured motor vehicle. Thus, Farm Bureau must pay the disputed benefits to Cooper but may seek reimbursement or indemnification by Norman pursuant to MCL 500.3177(1).

Affirmed.

*The Thurswell Law Firm, PLLC* (by *Cary M. Makrouer* and *Christina D. Davis*), for Phillip D. Cooper.

*Anselmi & Mierzejewski, P.C.* (by *Joseph S. Mierzejewski*), for Farm Bureau Insurance Company.

Amicus Curiae:

*Law Offices of Ronald M. Sangster, PLLC* (by *Ronald M. Sangster, Jr.*), for Titan Insurance Company.

Before: DONOFRIO, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. Defendant Farm Bureau Insurance Company appeals as of right from the trial court's order denying its motion to strike damages for attendant care. Because Farm Bureau's obligation to pay is a mandated fixed benefit to plaintiff alone, Farm Bureau may not bypass the legal process to enforce its right to reimbursement. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

Plaintiff, Phillip Dean Cooper, was driving an uninsured vehicle owned by his girlfriend, Dalana Norman, when he was struck by defendant Ravis Jenkins, who was driving an uninsured vehicle owned by defendant Mary Louise Woodson. Plaintiff was badly injured, and his doctor prescribed attendant care. Because there was no applicable no-fault insurance policy, plaintiff's claim was assigned to Farm Bureau. After plaintiff sued for benefits, Farm Bureau moved to strike damages awarded for the attendant care provided by Norman, which the parties stipulated was $60,000. Farm Bureau argued that under the no-fault statutory scheme, an insurer assigned to pay benefits arising from an accident involving an uninsured motor vehicle has the right to seek reimbursement from the owner of that vehicle, MCL 500.3177(1), and that because an uninsured owner in this case was the very person to whom the attendant care benefits would be paid, it was illogical to require Farm Bureau to pay the benefits to Norman only to then sue her for reimbursement.

Plaintiff argued that Norman was not a party to the suit, that any dispute between Farm Bureau and Norman did not take away Farm Bureau's obligation to pay him benefits, and that the risk of nonrecovery should be placed on the insurance company. The trial court agreed, ruling that the statutory scheme dictates that the insurer is obligated to pay benefits but then can seek reimbursement from the uninsured owner. Accordingly, the trial court ordered Farm Bureau to pay $20,000 to plaintiff's attorney and place the remainder in escrow until Farm Bureau obtains a judgment against Norman.

Farm Bureau argued in this Court that under the statutes and caselaw, the owner of an uninsured vehicle is not entitled to no-fault benefits. MCL 500.3113(b); MCL 500.3173; *Belcher v Aetna Casualty & Surety Co*, 409 Mich 231, 261; 293 NW2d 594 (1980). Had Norman been an injured occupant of her uninsured vehicle, there would be no question that she would not be eligible for benefits. She would not have had a reasonable expectation of being paid by plaintiff; otherwise, she would be seeking recovery despite her illegal act of failing to maintain insurance coverage. Farm Bureau raises as further support the theory that the wrongful conduct rule precludes Norman from benefiting from her own wrongdoing, and adds the arguments that plaintiff has a duty to mitigate his damages by obtaining services from an individual who cannot gain by obtaining no-fault benefits from an assigned claims servicing insurer, and that Norman has a duty to mitigate her debt owed to Farm Bureau. Finally, Farm Bureau argues that it should not have to pay plaintiff's attorney $20,000 until it has exhausted its appellate rights. It has already posted a $75,000 bond; should plaintiff prevail on appeal, plaintiff's attorney will get his fee.

The trial court's decision involves statutory construction, which we review de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). Where the statute unambiguously conveys the Legislature's intent, "the proper role of a court is simply to apply the terms of the statute to the circumstances in a particular case." *In re Certified Question (Kenneth Henes Special Projects Procurement v Continental Biomass Industries)*, 468 Mich 109, 113; 659 NW2d 597 (2003).

Farm Bureau relies on several statutes in support of its argument. MCL 500.3113 provides, in part:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:

> * * *

> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

Under this statute, the injured owner of an uninsured vehicle is not eligible to be paid personal protection insurance benefits.[1] Furthermore, MCL 500.3175 provides, in relevant part:

> (1) . . . An insurer to whom claims have been assigned shall make prompt payment of loss in accordance with this act and is thereupon entitled to reimbursement by the assigned claims facility for the payments and the established loss adjustment cost . . . .

> * * *

[1] While this statute applies to no-fault policies, under MCL 500.3173, a person who is disqualified from receiving personal protection insurance benefits is also disqualified from receiving benefits under the assigned claims plan.

(2) The insurer to whom claims have been assigned shall preserve and enforce rights to indemnity or reimbursement against third parties and account to the assigned claims facility therefor and shall assign such rights to the assigned claims facility upon reimbursement by the assigned claims facility.

Finally, MCL 500.3177(1) allows an insurer paying benefits in a case involving an uninsured vehicle to seek reimbursement from the owner of that vehicle:

An insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover such benefits paid and appropriate loss adjustment costs incurred from the owner or registrant of the uninsured motor vehicle or from his or her estate.

These statutes do not support Farm Bureau's argument that it may unilaterally withhold benefits from a claimant on the basis of its perception that the service provider eventually would be required to reimburse or indemnify it. The statutes clearly use mandatory language when describing the insurer's duty to pay benefits, but use permissive language in describing the ability of an insurer to seek reimbursement. Nothing in the comprehensive statutory scheme allows for the insurer to withhold payment on the basis of the eligibility of any service provider; only the injured person's status is considered. The ability to "recover such benefits paid ... from the owner or registrant of the uninsured motor vehicle," MCL 500.3177(1), does not by itself equate to having a *legal right* to indemnification.

While it may seem "illogical" for Farm Bureau to pay for a benefit provided by a person from whom it may then seek reimbursement, it is a matter of public policy best left to the Legislature's determination. The argument that the economy is causing more and more

people to forgo compulsory insurance clearly implicates public policy. It is up to the Legislature to decide if the assigned claims plan is better suited to payment of such benefits, or if the taxpayers in general should pay, or if the benefits should not be paid at all. Encouraging accident victims who would receive benefits if they sought professional attendant care to instead receive the care from family members is in accord with the public policy of this state. See *Van Marter v American Fidelity Fire Ins Co of America,* 114 Mich App 171, 180-181; 318 NW2d 679 (1982); *Reed v Citizens Ins Co,* 198 Mich App 443, 452; 499 NW2d 22 (1993), overruled on other grounds by *Griffith v State Farm Mut Automobile Ins Co,* 472 Mich 521, 540 (2005). Balancing any conflict between these principles is not the proper role for this Court.[2]

Farm Bureau's "wrongful conduct" argument, raised for the first time on appeal, likewise does not change our analysis. It analogizes to the situation where treatment provided by an unlicensed physician is not a paid benefit under MCL 500.3157 (allowing charges by those "lawfully rendering treatment"). Yet, there is nothing unlawful about a friend or family member providing attendant care or replacement services. Norman's unlawful act was owning and permitting the operation of an uninsured vehicle, a misdemeanor under MCL 500.3102(2). It is the responsibility of the legal system, not the insurance industry, to enforce this statute.

Affirmed.

---

[2] Nothing in this opinion should be interpreted as precluding Farm Bureau from employing appropriate legal measures to enforce any rights of reimbursement or collection it deems suitable against Norman. That being said, Farm Bureau must engage in the proper legal process, including but not limited to obtaining a judgment against Norman and then proceeding to collection.