*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

Plaintiff-Appellant,

v

CINCINNATI INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
June 9, 2022

No. 357313
Wayne Circuit Court
LC No. 19-014029-NF

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

In this no-fault action, plaintiff appeals as of right the trial court's order denying plaintiff's motion for summary disposition and granting summary disposition in favor of defendant. For the reasons explained below, we affirm.

## I. BACKGROUND

Irwin Krinsky's 2005 Dodge Magnum, which was insured by defendant, was stolen on September 11, 2017. On October 13, 2017, Krinsky signed over the vehicle's title to defendant in exchange for payment for coverage of the vehicle. Despite becoming the owner of the vehicle, defendant did not register the title with the state of Michigan. Six days after defendant took title to the vehicle, it was involved in a car accident in which claimants—Deontae McKissick and Michael Witcher—were injured.

Plaintiff paid claimants in accordance with the no-fault act, MCL 500.3101 *et seq*., as an assigned insurer by the Michigan Assigned Claims Plan (MACP), and sought reimbursement from defendant for personal injury protection (PIP) benefits paid, arguing that defendant was a higher priority insurer under MCL 500.3114(4)(a). Plaintiff then moved for summary disposition, arguing that it was undisputed that defendant was the insurer of the vehicle—either as Krinsky's insurer or as the owner of the vehicle—and therefore was a higher-priority insurer than plaintiff, who was last in the order of priority as the MACP-assigned insurer. In response, defendants argued in relevant part that neither it nor Krinsky were within the order of priority for payment of claimants' benefits, and asked for summary disposition in its favor under MCR 2.116(I)(2).

At a hearing on the competing motions, the trial court denied plaintiff's motion for summary disposition and granted defendant's motion under MCR 2.116(I)(2). The trial court reasoned that defendant was not in the order of priority under MCL 500.3114(4) because that statute focuses on the *insurer* of the registrant or owner of the vehicle, not the registrant or owner themselves, and nothing suggested that defendant insured the registrant or owner of the vehicle at the time of the accident. The court explained that Krinsky's policy was no longer valid and enforceable once the vehicle was stolen and the title was signed over to defendant, and plaintiff offered no evidence that defendant reissued a policy on the vehicle after the title was transferred. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's summary disposition ruling. *Corwin v DiamlerChrysler Ins Co*, 296 Mich App 242, 253; 819 NW2d 68 (2012). Plaintiff initially moved for summary disposition under MCR 2.116(C)(10). "A motion for summary disposition under MCR 2.116(C)(10) may be granted when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* "In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (quotation marks and citation omitted). "Summary disposition is properly granted under MCR 2.116(I)(2) to the opposing party if it appears to the court that that party, rather than the moving party, is entitled to judgment." *Michelson v Voison*, 254 Mich App 691, 697; 628 NW2d 188 (2003) (quotation marks, brackets, and citation omitted).

Issues of statutory construction are also reviewed de novo. *Corwin*, 296 Mich App at 253. "The primary rule of statutory construction is that, where the statutory language is clear and unambiguous, the statute must be applied as written." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 594; 648 NW2d 591 (2002).

## III. PRIORITY

Plaintiff first argues the trial court erred in denying its motion for summary disposition, and granting summary disposition in favor of defendant, because defendant was a higher priority insurer of the vehicle at the time of the accident. We disagree.

Insurer liability for PIP benefits is determined by the priority provisions in MCL 500.3114.[1] *Corwin*, 296 Mich App at 254. At the time relevant to this case, MCL 500.3114(4) stated:

> Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor

---

[1] The accident at issue occurred before amendments to the no-fault act became effective on June 11, 2019, see 2019 PA 21, so the preamendment version of the no-fault act governs this action, and our references to the no-fault act are to that version. See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the vehicle occupied.

> (b) The insurer of the operator of the vehicle occupied. [MCL 500.3114(4), as amended by 2016 PA 347.]

An insurer assigned a claim by the MACP—like plaintiff in this case—is the insurer of last priority for payment of PIP benefits. *Shinn*, 314 Mich App at 776.

Plaintiff offers two theories to argue that defendant is in the order of priority for claimants' claims under MCL 500.3113(4)(a). Plaintiff's first theory is that defendant was the insurer of the registrant, Krinsky, at the time of the accident involving the vehicle. However, the evidence shows otherwise. The vehicle's title was signed over to defendant on October 13, 2017, at the same time defendant paid Krinsky for the vehicle. Although the title application related to this transfer is undated, defendant's claim specialist, William Khoury, testified the transaction took place on October 13, 2017, and the payment from defendant to Krinsky is dated October 12, 2017. Indeed, plaintiff does not dispute that defendant became the owner of the vehicle when title was transferred, but claims Krinsky remained the registrant for a period of time even after title was transferred to defendant.

To support its argument, plaintiff cites *Titan Ins Co v State Farm*, 296 Mich App 75; 817 NW2d 621 (2012). In *Titan*, the seller of a motorcycle allowed his license plate to remain on the motorcycle and failed to cancel the motorcycle's registration after the sale. *Id*. at 84. This Court found the seller remained the motorcycle's registrant, and the seller's insurer, State Farm, was required to provide PIP benefits. *Id*. at 92.

In contrast, in *Allstate Ins Co v State Farm Mut Auto Ins Co*, 230 Mich App 434, 435; 584 NW2d 355 (1998), a buyer purchased a Buick from a seller and injured a passenger in another vehicle in an accident only hours after buying the Buick. The buyer had not yet purchased insurance on the vehicle, and the injured passenger sought PIP benefits from its own insurer, Allstate Insurance Company. *Id*. at 435-436. Allstate denied coverage, arguing that the seller's policy with State Farm was liable for benefits. *Id*. at 436. On appeal, State Farm argued it was not responsible for coverage "because [the seller] had sold the vehicle in a bona fide sale, and because he had removed the license plate, registration, and proof of insurance from the vehicle," and, therefore, he was no longer an owner or registrant of the vehicle. *Id*. at 436. This Court agreed with State Farm, concluding that the seller no longer "had an insurable interest sufficient to support a valid automobile liability insurance policy" because he took actions showing he did not intend to voluntarily remain the insuring registrant. *Id*. at 440. Thus, State Farm was not responsible for coverage. *Id*. at 441.

The present case is similar to *Allstate*, because Krinsky showed he did not intend to remain the registrant of the vehicle after it was stolen. Because the vehicle was stolen, Krinsky had no opportunity to take actions such as removing the license plate, but by accepting payment for the vehicle and signing over title to defendant, he showed his intent to no longer have an "insurable

interest" in the vehicle, and "did nothing to intimate that he was voluntarily remaining the registrant of the car." *Titan*, 296 Mich App at 90; *Allstate*, 230 Mich App at 436.

Plaintiff attempts to bolster its argument in support of a different result by citing MCL 257.234(3) of the vehicle code, which states: "Unless the transfer is made and the fee paid within 15 days, the vehicle is considered to be without registration . . . ." Following plaintiff's logic, because only six days had passed between Krinsky signing over title and the accident, the vehicle was not considered "without registration" under the statute, and therefore Krinsky must still be considered the registrant of the vehicle. This Court addressed a similar argument in *Allstate* where Allstate argued that the seller remained the registrant of the vehicle after he sold it:

> According to Allstate, in order to cast off his status as registrant, [the seller] was required to cancel the registration with the Secretary of State or wait for the registration to expire. We find no authority for this proposition. Reading the applicable provisions of the vehicle code together, it is clear that the owner of a vehicle is responsible for registering it. [*Allstate*, 130 Mich App at 441 n 7 (citations omitted).]

Similar to *Allstate*, the applicable provisions of the vehicle code do not compel a conclusion that the previous owner of the vehicle—here, Krinsky—was still the registrant. The provision cited by plaintiff provides only a situation in which the Secretary of State will consider a vehicle to be "without registration." Accordingly, plaintiff's argument that Krinsky should have still been considered the registrant of the vehicle at the time of the accident on the basis of the vehicle code fails.

Plaintiff's second theory is that, because defendant was the owner of the vehicle at the time of the accident, defendant should have covered the PIP claims. For this theory, plaintiff argues that the trial court erred when it found defendant was not an owner of the involved vehicle. This argument, however, misstates the trial court's findings. The trial court found that even if defendant owned the vehicle, priority is based on the insurer of the owner or registrant of the vehicle, and there was no evidence in the record that defendant issued a policy on the vehicle after the title was obtained by defendant. On appeal, plaintiff does not contend otherwise—it does not point to any policy that defendant issued on the vehicle after it obtained ownership such that it would be a higher priority insurer. Indeed, at one point, plaintiff vaguely asserts that "[t]he trial court erred in not finding that any policy of no-fault insurance covering Cincinnati at the time of the accident would be responsible," without identifying a policy to which it is referring or even which insurer issued that alleged policy. Accordingly, we conclude that the trial court did not err when it found defendant was not the insurer of the vehicle.

IV. MCL 500.3177

In its reply brief on appeal, plaintiff emphasizes that neither the trial court nor defendant have addressed plaintiff's argument that defendant is liable under MCL 500.3177(1), which "allows an insurer paying benefits in a case involving an uninsured vehicle to seek reimbursement from the owner of that vehicle." *Cooper v Jenkins*, 282 Mich App 486, 490; 766 NW2d 671 (2009). In that reply brief, plaintiff elaborates that if defendant is the owner of the vehicle, then it must reimburse plaintiff under MCL 500.3177(1) because the vehicle was uninsured. However,

because this reply brief is the first time that plaintiff has presented a coherent argument under this section, we conclude that it was not sufficiently preserved below, nor has it been sufficiently presented on appeal.

Plaintiff did not assert a cause of action under MCL 500.3177 in its complaint. While this is not necessarily fatal to such an action, see *Citizens Ins Co of Am v Buck*, 216 Mich App 217, 223; 548 NW2d 680 (1996), plaintiff never argued in the trial court that it was entitled to relief under this statute at any point after its complaint.

It cited the statute only one time. When plaintiff moved for summary disposition, it referenced MCL 500.3177 in the "Factual History" section of its brief, where it said:

> Cincinnati insured the owner / registrant of the vehicle at the time of the accident or it was the owner / registrant of the vehicle itself and stands in the order of priorities pursuant to MCL 500.3114(4) and owes reimbursement pursuant to MCL 500.3175 and 500.3177.

Defendant filed a response to plaintiff's dispositive motion, and in doing so also asked for summary disposition in its favor, arguing in relevant part that it was not a higher priority insurer. Plaintiff did not file a response to defendant's motion for summary disposition, and thus never asserted that defendant was not entitled to summary disposition on the basis of MCL 500.3177. While plaintiff did file a reply brief to defendant's response to plaintiff's motion for summary disposition, that reply brief did not mention MCL 500.3177. Then, at the hearing on the parties competing motions for summary disposition, plaintiff never once cited MCL 500.3177 or made an argument related to that statute.[2]

---

[2] In its reply brief on appeal, plaintiff asserts that it raised an argument related to MCL 500.3177 at the hearing on its motion for summary disposition, and in support of this assertion, plaintiff recites the following argument by its counsel:

> Uh, for purposes of higher priority, the analysis really gets you to the same place, no matter what.
>
> And that's that, Cincinnati is either the owner of the vehicle, or insured the owner.
>
> So there's multiple places where I cite to that Cincinnati admits that it became the owner of this vehicle, prior to the accident.
>
> Even if they don't, they are still the insurer of the last registrant, that's Mr. Crinski [sic].

It is unclear how this argument relates to MCL 500.3177 because that statute does not place an owner of an uninsured vehicle in the order of priority. It states in relevant part:

> The insurer obligated to pay personal protection insurance benefits for accidental bodily injury to a person arising out of the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle may recover all benefits paid,

Plaintiff blames the trial court and defendant for failing to address its argument under MCL 500.3177, but it is unclear what defendant or the trial court was to address—plaintiff mentioned MCL 500.3177 only once in passing in the "Factual History" section of its motion for summary disposition, and never developed an argument under that section at any point thereafter. It was neither the trial court's nor defendant's responsibility to make plaintiff's argument for it. "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008).

We conclude that plaintiff did not sufficiently raise an argument under MCL 500.3177 in the trial court below, and following the "raise or waive" rule, we consider the issue waived.

> The principal rationale for the [raise or waive] rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. [*Id.*]

Even if appellant had not waived the issue by failing to sufficiently raise it before the trial court, we would conclude that it waived the argument on appeal. Appellant's brief on appeal mentions MCL 500.3177 only a single time, saying:

> The trial court erred in not finding that any policy of no-fault insurance covering Cincinnati at the time of the accident would be responsible. Otherwise, Cincinnati would be the owner of an uninsured vehicle and still responsible for reimbursement under MCL 500.3177.

This single sentence, without mention of any authority in support of its argument, is not sufficient to present the issue on appeal. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (in response to being "present[ed] a one-sentence argument with no citation to authority," explaining that "a mere statement without authority is insufficient to bring an issue before this Court"); *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to

---

> incurred loss adjustment costs and expenses, and incurred attorney fees from the owner or registrant of the uninsured motor vehicle or from his or her estate. [MCL 500.3177(1).]

This statute plainly does not state that an owner of an uninsured vehicle is placed in the order of priority. To the contrary, the statute suggests that the insurer "obligated to pay" PIP benefits must still do so, but after doing so "may recover" from the owner of the uninsured vehicle.

this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). Accordingly, even if plaintiff had properly preserved the issue below, we would decline to address it as being improperly presented on appeal.[3]

## V. REIMBURSEMENT

Plaintiff's final argument is that the trial court erred in failing to consider plaintiff's argument that defendant owed reimbursement to plaintiff regardless of whether the claimants knew, or should have known, the vehicle was stolen. The trial court reasoned that it did not need to address plaintiff's arguments because the case was fully resolved on the basis of priority. We agree with the trial court. Plaintiff has only argued that defendant is liable because it is a higher priority insurer, and because that argument is meritless for the reasons explained above, whether defendant could argue that it was not liable under a different theory is irrelevant.

## VI. CONCLUSION

Affirmed.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[3] While plaintiff elaborated on its argument related to MCL 500.3177 in its reply brief on appeal, an argument first raised in a reply brief is untimely. "Reply briefs may contain only rebuttal argument, and raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Blazer Foods, Inc v Rest Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003).